Johsson, 0. J. The question hero is, whether the defendant, Sneed, was legally bound to plead the pendency of the present suit in bar of the garnishment. It is a settled principle, that a court of law will regard the assignment of a chose in action, and protect the interest of an assignee, against any person having notice, or who is bound to take notice of it. The power of the orignal owner is so far at an end, immediately after an assignment and notice, that no subsequent payments made to him will avail; and consequently no release or discharge from him can operate to the disadvantage of the assignee, for whom he is considered a mere trustee or nominal person, to recover the debt only; and any personal interference on his part is deemed void on the ground of fraud. 5 Johns. Rep. 198. If the assignment was valid in law, the defendant cannot, after notice, defeat it: for courts of law will take notice of and protect the rights of the assignee, against all persons having notice, either express or implied. 19 Johns. Rep. 96. It is a well settled principle, that courts of law will notice the assignment of a chose in action, and protect the interest of a ccstuique trust against every person who has notice of the trust. And it seems also, to be pretty well settled that actual notice is not necessary. If a party acts in the face of facts and circumstances which were sufficient to put him upon inquiry, he acts contrary to good faith, and at his peril. 12 Johns. Rep. 344. If these principles are correct, there can be no doubt that the court erred in overruling the demurrer to the second plea. True it is that Sneed was not expressly notified of the transfer of the claim to Oldham, but he most assuredly had implied notice, or in the language of the authorities, he acted in the face of facts and circumstances which were sufficient to have put him upon inquiry. He admits in his special plea that the present suit had been commenced and the writ executed upon him before the issuance and service of the garn-ichment. The writ, which, he admits, had been served upon him, describes Campbell and Cureton as mere nominal parties, and Oldham, as the individual really and beneficially interested in the subject matter of the suit. This was certainly sufficient to put him upon inquiry, if not equivalent to an actual notice, and if he omitted to inquire into the real state of case and to avail himself of his legal defence against the garnishment, he did so at his peril. The second plea, therefore, admitting every thing contained in it to be strictly true, is no answer to the declaration. The court, consequently erred in overruling the demurrer; for which the judgment must be reversed.